PEDRO ALFONSO REYES, ETC., Plaintiff and Appellee-Appellant, *v.* ALBERTO APONTE ET AL., Defendants and Appellants-Appellees.

No. 8475. Argued May 4, 1942.—Decided May 5, 1942.

*F. R. Aponte* for plaintiff and appellee-appellant. *Francisco Díaz Marruach* for defendants and appellants-appellees.

Mr. Justice Todd, Jr., delivered the opinion of the court.

On April 15, 1942, this court made an order in the present case denying a motion to dismiss the appeal filed by the defendants and appellees, on the ground that it appeared from a motion filed by the plaintiff and appellant that he had paid to the stenographer of the lower court one-half the amount of his fees for the preparation of the transcript of the evidence which was used by the judge of the lower court —who was not the one who presided at the trial—for a determination of the case.

The defendants and appellees have moved for a reconsideration of the order in question and stated in an affidavit that it is not true that the plaintiff paid to the stenographer for a certified copy of the oral evidence taken at the trial as far as the appeal is concerned, the cost of which certificate was paid in full by the defendants in order to perfect their appeal. The parties having been summoned to appear at a hearing, which was held yesterday, in order to argue the motion for reconsideration and, if proper, to discuss the motion to dismiss, the attorney for the defendants was the only one to appear. In support of his motion, he introduced in evidence a certificate issued by the stenographer of the lower court, establishing the fact alleged by the plaintiff and appellant that he transcribed the stenographic notes for submission to the judge for his determination of the case and

that he received "from both parties the payment of his fees," but it is further certified by said stenographer—

"That after the case had been decided by Judge Benjamín Ortiz and an appeal taken to the Hon. Supreme Court by the defendants, the latter requested and obtained from the District Court of Humacao, P. R., an order directing the undersigned to prepare the transcript of the evidence, which was prepared and filed in the office of the clerk of said court, his fees for said work having been paid solely and exclusively by the defendants and appellants.

"I further certify that the plaintiffs in the above-entitled case have not applied to me for said transcript of the evidence at any time before this date."

Said attorney also introduced a receipt showing the payment to said stenographer of $40, or 50 per cent of the cost of the transcript of the evidence, a canceled check in favor of said stenographer in payment of said transcript, for the purpose of the appeal, and another receipt, for $15 paid to Modesto Agosto, through Ernesto Méndez Soto, as acknowledged by the latter, for the preparation of the transcript of record in this case.

■■ It having been duly established that the plaintiff and appellant has not perfected his appeal by reason of his failure to file in time the transcript of the evidence in support thereof, and, further, that the defendants and appellees have never consented to the use by said plaintiff and appellant of the transcript for which they paid and which was filed in order to perfect their appeal, the case must be determined in acordance with the repeated holding of this court to the effect that—

"When both parties appeal from one judgment and only one of them prepares and sends up a transcript of the record, the other party can not avail himself of that transcript in support of his appeal, if there is objection." *Forés* v. *Balzac*, 28 P.R.R. 3; *Pardo* v. *Pardo*, 19 P.R.R. 1125; *Central Pasto Viejo* v. *Aponte*, 34 P.R.R. 192.

This rule was not altered in *Acevedo* v. *Domenech*, 49 P.R.R. 133, for there it was expressly stated that ". . . the

transcript sent up by one of the appellants may be availed of by the other, *provided that, as happens here, the appellant who sends it up consents thereto.*"

In the case at bar the plaintiff and appellant has never shown that the defendants had consented to the use by the plaintiff of the transcript sent up by them in order to perfect his appeal. On the contrary, they have always refused him such consent.

For the reasons stated, our order of April 15, 1942, is hereby reconsidered, and the motion of the defendants and appellees is sustained and, consequently, the appeal taken by the plaintiff and appellant is dismissed.